IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **CHANDRA KIDD,** § | |
| § | |
| *PLAINTIFF*, § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. _____ |
| § | |
| § | |
| § | |
| **CITY OF HOUSTON** § | |
| § | |
| *DEFENDANT*. § | |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES CHANDRA KIDD**, Plaintiff, filing this Original Complaint in which she is complaining of Defendant, City of Houston, in support of her causes of action, Plaintiff would show this Honorable Court and Jury the following:

### NATURE OF THE CASE

1. This is a proceeding for civil enforcement of lawful rights secured by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., as amended, prohibiting certain unlawful employment practices such as race discrimination, sex discrimination, and workplace retaliation.

### JURISDICTION

2. This jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. § 1331 because the issues in this case raise federal questions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and as amended and pursuant to 28 U.S.C. § 1367.

## PARTIES

3.	Plaintiff Chandra Kidd, is an individual who resides at 11522 Sunburst Falls, Humble, Texas, 77396.  Plaintiff is an African American female, and is a member of a group protected by Title VII and was at all relevant times an employee within the meaning of the applicable statute.

4.	Defendant, City of Houston is a political subdivision of the State of Texas.  Service of process may be perfected on this Defendant by personal delivery to Anna Russell, City Secretary, 900 Bagby Street-City Hall Annex, Houston, Texas, 77027.

## VENUE

5.	Venue is proper in the Southern District of Texas, Houston Division because the causes of action alleged accrued within said district.

## VICARIOUS LIABILITY-RESPONDEAT SUPERIOR

6.	Whenever in this pleading it is alleged that Defendants did any act or thing, or failed to do any act or thing, it is meant that Defendants' officers, owners, servants, employees, or representatives including but not limited to Eric Dargan, Brant Gary, and Derek Neal, did such act or thing, or failed to do such act or thing, or that such act or thing or omission was done in the course and scope of that person's employment in the Public Works and Engineering Department, and/or in the furtherance of Defendants' interests, or with the full authorization, permission, tolerance, and/or ratification of Defendant City of Houston was done by an authorized member of management of Defendant City of Houston or was done in the normal routine of the accepted, tolerated, or permitted conduct, customs, and/or practices of Defendant's officers, owners, servants, employees, and/or representatives.

## STATEMENT OF THE CASE

7.     Plaintiff is alleging causes of action for gender discrimination, race discrimination, and workplace retaliation pursuant to Title VII of the Civil Rights Act.

## CONDITIONS PRECEDENT FOR TITLE VII

8.     All conditions precedent to this Honorable Court's jurisdiction under Title VII, as amended has occurred or has taken place.  Plaintiff's Charge of Discrimination was filed with the Equal Employment Opportunities Commission ("EEOC") on November 25, 2013 within three hundred days of the actionable acts complained of herein and Plaintiff's Original Complaint is being filed within ninety days of Plaintiff's receipt of her right to sue letter issued by the Equal Employment Opportunities Commission at all times during the time period of November 2011 until November 2013.

## STATEMENT OF FACTS AND BACKGROUND

9.     Plaintiff, Chandra Kidd, an African American female as known by everyone in the office, was employed as a Senior Buyer in the Street and Drainage, formally known as Right of Way & Fleet maintenance division, of the Public Works & Engineering Department. From 2007-2015, plaintiff only received city-wide raises and calculating to be a total of $3,000. During her employment, Plaintiff was subjected to a hostile and harassing environment, treated unfairly, and demoted, by Defendant City of Houston through its manager, Derek Neal and Defendant Eric Dargan. Overall, Defendant Eric Dargan and Brant Gary discriminated against Plaintiff based on race and gender. Additionally, Defendant Dargan would continuously overlook plaintiff for positions for which she was qualified. Instead of choosing plaintiff for these positions, other members from other gender and racial classes were chosen, including but not limited to White females; Hispanic females; and Black males.

Though Defendant City of Houston managers and officers informed plaintiff that she was not qualified for four various positions that she qualified for, they made her train two of the "qualified applicants" who received the position. Some of the hostile and discriminative instances Plaintiff endured while working at Defendant City of Houston are as the following:

a. During plaintiff's tenure with the Defendant the City of Houston, defendant has been the least compensated supervisor. In the division at the time of complaint there were five ("5") males making $55,000-$95,000, a year; and one (1) white female making $75,000 a year; while the plaintiff was only making $45,000;

b. Since 2007, plaintiff's work load increased in its complexity and responsibilities without a pay raise, except for the City-wide raise; and

c. Plaintiff only had one ("1") direct report in 2007 but by 2011 she had three ("3") direct reports, without a pay raise or promotion. Also, one of plaintiff's direct reports made more money than the plaintiff did while working under her.

d. These actions and inactions, along with others, affected Plaintiff's non-tangible and tangible work benefits.

## CAUSES OF ACTIONS

**A. RACE AND GENDER DISCRIMINATION AGAINST PLAINTIFF PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, TEXAS LABOR CODE 21.051, TEXAS LABOR CODE 21.101, AND TEXAS LABOR CODE 21.106.**

10.     Plaintiff repeats and re-alleges all of the facts set forth above. Plaintiff contends that by the above described actions of the Defendants, the Defendants violated Title VII by discriminating against the Plaintiff on account of her gender and race as a motivating factor for the adverse treatment to which she was subjected. Due to the intolerant actions of the Defendants, Plaintiff has suffered damages for which she now sues seeking actual damages,

including:

    a. Past lost pay;

    b. Future lost pay;

    c. Front pay;

    d. Future loss of benefits;

    e. Past mental anguish;

    f. Future mental anguish;

    g. Past emotional pain and suffering;

    h. Future emotional pain and suffering;

    i. Past inconvenience;

    j. Future inconvenience;

    k. Past loss of enjoyment of life;

    l. Future loss of enjoyment of life;

    m. Reduction in her standard of living for which she seeks compensatory damages in an amount to be determined by the court and jury; and

    n. All other damages allowed by law, including reasonable attorney's fees.

**B. WORKPLACE RETALIATION AGAINST PLAINTIFF PURSUANT TO TITLE VII OF CIVIL RIGHTS ACT OF 1964.**

11.    Plaintiff repeats and re-alleges by reference each and every allegation contained in the paragraphs above and incorporates the same herein as though fully set forth. After Plaintiff filed an internal complaint, Plaintiff was subsequently wrongfully discriminated against and demoted. Plaintiff went from having her own office and direct reports to working in a cubicle with no privacy and no direct reports. Plaintiff's responsibilities have also decreased tremendously to the roles of an administration assistant. Each act of retaliation is in violation

of state law and Title VII's anti-retaliation provision, based on but not limited to the following:

    a. Demotion in position;

    b. Refusal to hire for new positions;

    c. Denial or promotion;

    d. Threats;

    e. Unjustified negative evaluations or references; and

    f. Increased surveillance.

## ATTORNEY'S FEES

12. Pursuant to Title VII, Plaintiff sues the Defendants for all reasonable attorney's fees and cost incurred in the prosecution of this suit.

## JURY DEMAND

13. Plaintiff requests that this action be heard before a jury.

## DAMAGES

14. Defendants' conduct constitutes violations of statutory law. Such unlawful conduct seriously affected Plaintiff in her occupation. Because of Defendants' unlawful conduct, Plaintiff has suffered, suffers and will continue to suffer humiliation, mental anxiety and stress along with other damages. Plaintiff has suffered direct injury as a proximate result of the unlawful discriminatory practices, policies and procedures of Defendants. Plaintiff seeks all general, special and incidental and consequential damages in an amount to be proved at trial. Because of Defendants' unlawful and tortious conduct, it has been necessary for Plaintiff to retain the undersigned attorneys to represent her in these causes of actions. Plaintiff has agreed to pay her attorneys' fees for the preparation and trial of these causes.

15. Additionally, Plaintiff has incurred out-of-pocket expenses, which include litigation costs and other expenses to preserve their ability to earn a living. Accordingly, Plaintiff seeks all general, special, incidental and consequential damages as shall be proven at trial.

16. Further, Plaintiff seeks pre-judgment interest at a rate commensurate with the actual rate of interest in the marketplace or alternatively, the statutory rate of interest because of the delay in receiving the damages and to avoid unjust enrichment to Defendants. Plaintiff also seeks post-judgment interest at the maximum rate allowed by law in the event that the Defendants do not promptly tender damages assessed against them and to avoid unjustly enriching Defendants.

## **PRAYER**

17. WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully invokes the remedial powers of the court, and prays that Defendants be cited to appear herein, and after trial by jury, this Court enters a judgment against Defendants:

   a. Declaring that the acts and practices complained of herein are in violation of the above applicable statutes;

   b. Enjoining and permanently restraining these violations of the above applicable statutes;

   c. Defendants be ordered to compensate Plaintiff for all losses and award her compensatory and punitive damages, reimburse, and make Plaintiff whole for any and all past, future loss, wage, and benefits Plaintiff would have received had it not been for Defendants' illegal action including, but not limited to, past lost pay, future loss wages, front pay and benefits, training, promotions, and seniority. Plaintiff further ask that he be awarded all benefits illegally loss

from the present to the date of his retirement;

d.  Defendants be ordered to compensate Plaintiff for past and future mental anguish and humiliation;

e.  Awarding Plaintiff pre-judgment and post-judgment interest at the maximum legal rate;

f.  Reasonable attorneys' fees, with conditional awards in the event of appeal;

g.  Punitive damages in an amount above the minimum jurisdictional limit of the Court;

h.  Costs of court and expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

i.  The court grants such additional equitable and legal relief as is proper and just; and

j.  The court award to Plaintiff costs and expenses of this action and award to Plaintiff reasonable attorney fees according to law.

        Respectfully submitted,

**THE COX PRADIA LAW FIRM, P.L.L.C.**
By: _/s/ *Troy J. Pradia*_____
**Troy J. Pradia**
State Bar No.:  24011945
Fed. Bar No. 30260
Email: tjp@coxpradialaw.com
**Shasta P.C. Blanton**
Texas Bar No. 24089065
Fed. Bar No. 2590207

1415 N. Loop West, Ste. 200
Houston, Texas  77008
Tel. (713)739-0402
Fax (713)752-2812
ATTORNEYS FOR PLAINTIFF